## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## CIVIL NO.: 20-cv-01793 (ECT/LIB)

Lynda Crandall,

              Plaintiff,

                        **PLAINTIFF'S FIRST**
                        **AMENDED COMPLAINT**

v.

Miller & Stevens, P.A., and         **JURY TRIAL DEMANDED**
Bear Roofing & Exteriors, Inc.,

              Defendants.

### JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d), and 28 U.S.C. §1331.

3. Venue is proper in this district because the acts and transactions occurred in this district, Plaintiff resides in this district, and Defendants transact business in this district.

### PARTIES

4. Plaintiff Lynda Crandall, (hereinafter "Plaintiff"), is a natural person residing in the County of Pine, State of Minnesota, and is a "consumer" as

that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

5.  Defendant Bear Roofing & Exteriors, Inc. (hereinafter "Defendant Bear") is doing business in the State of Minnesota with a registered address with the Minnesota Secretary of State of 2000 Oak Knoll, White Bear Lake, MN 55110. Defendant is a "creditor" as that term is defined under 15 U.S.C. § 1692a(4).

6.  Defendant Miller & Stevens, P.A., (hereinafter "Defendant M&S"), is a law firm operating from an address of 92 Lake Street South, Forest Lake, Minnesota 55025, and is a "debt collector," as defined by § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7.  According to the Minnesota Trial Court Public Access (MPA), Defendant M&S has filed numerous cases in attempts to collect debts owed or due or asserted to be owed or due another. Since 2016, Defendant M&S has filed cases that are referenced by MPA in the Type/Status of: Consumer Credit Contracts, Evictions, Mechanics Liens, Contracts, and Conciliation.

8.  According to Defendant M&S's website, http://www.millerstevens.com/, Defendant M&S is a general practice law firm representing businesses and

individuals in litigation, corporate-contracts, commercial litigation, and real estate.

9.     Defendant M&S's associate attorney John Barragry openly markets on Defendant M&S's website that he handles, "landlord/tenant disputes." http://www.millerstevens.com/vince-stevens/miller-stevens-law-office/john-barragry. In fact, attorney Barragry filed an eviction action, representing the landlord in a potential residential dispute in Minnesota Court in the District of Washington-Stillwater on August 28, 2020, Court File No 82-cv-20-3418.

10.    Since 2017, Defendant M&S has filed 14 eviction actions in Minnesota court including:

   a. Chisago County Court File No.: 13-cv-17-35, *Estate of Kay Scholten and James Scholten vs Tina Louise Yeager, John Doe and Tina Yeager's Minor Child,* filed January 16, 2017;

   b. Chisago County Court File No.: 13-cv-17-129, *Jeffrey Corney, Sarah Corney vs. Daniel Nalewaja, Britney Oestreich*, filed February 23, 2017;

   c. Chisago County Court File No.: 13-cv-17-249, *BG Holdings, LLC vs. Seth Peterson, Constance Smith*, filed April 12, 2017;

   d. Hennepin Housing, Court File No.: 27-cv-17-2070, *Hoover Wheel Alignment, Inc. vs Hoover, LLC*, filed May 2, 2017;

   e. Chisago County Court File No.: 13-cv-18-311, *Julia C. Sistrunk vs. Kevin D. Sistrunk*, filed April 2, 2018;

f. Chisago County Court File No.: 13-cv-18-376, *Tim Englund vs Avery J. Overton, Melinda M. Proefrock*, filed May 1, 2018;

g. Ramsey Housing Conciliation Court File No.: 62-co-18-2930, *William Veeneman, Karen Veeneman vs Tasha Cyrus, Zaneeta Best, John Kaiser*, filed June 18, 2018;

h. Chisago County Court File No.: 13-cv-18-546, *Carl Anderson, doing business as Oak Hill, LLC vs. Jason Scott Wallraff, Jennifer Lynn Wallraff, Justin Doe, Christina Roe, Jake Doe et al.,* filed July 10, 2018;

i. Chisago County Court File No.: 13-cv-18-594, *Susan Steuernagel vs Mark L. Tipler*, filed July 23, 2018;

j. Ramsey County Housing Conciliation Court File No.: 62-HG-cv-18-1588, *Lohmers Grocery, Inc. vs Talib Al-Tamar*, filed July 30, 2018;

k. Anoka County Court File No.: 02-cv-19-2934, *CDF Properties, LLC vs Barbara Hall*, filed June 3, 2019;

l. Washington-Stillwater Court File No.: 82-cv-19-3700, *Housle Enterprises, LLC vs Styln By the Lake;* filed July 29, 2019;

m. Chisago County Court File No.: 13-cv-20-112, *Gable Property Management, LLC vs Angela Kay Demings*, filed February 11, 2020;

n. Washington-Stillwater County Court File No.: 82-cv-20-3418, *Susan See, Andrew See vs Victoria Adcock;* filed August 28, 2020.

11.   Defendant M&S has filed evictions in Minnesota courts with its client Sunrise Estates on 10 separate occasions including: Chisago County Court File Nos.:

    a.   13-cv-11-1147;

    b.   13-cv-11-1149;

    c.   13-cv-11-1150;

    d.   13-cv-12-110;

    e.   13-cv-12-113;

    f.   13-cv-12-115;

    g.   13-cv-12-116;

    h.   13-cv-12-211;

    i.   13-cv-12-216;

    j.   13-cv-12-217.

12.   Minnesota's eviction-action statute explicitly states that an eviction action for nonpayment of rent "is equivalent to a demand for rent." Minn. Stat. § 504B.291, subd. 1. Because an eviction action is the equivalent to a demand for rent, an eviction action qualifies as an attempt to collect a debt. *Worley v. Engel*, 17-CV-1105 (PAM/SER), 2017 WL 3037558, at *3 (D. Minn. July 18, 2017). Defendant M&S, as a law firm which allegedly has experience with and apparently regularly files eviction actions, qualifies as a debt collector under the FDCPA.

13.    In addition to evictions, it appears that Defendant M&S regularly collects consumer debts.

14.    Defendant M&S has filed 5 cases in Minnesota courts referenced as Consumer Credit Contracts, including:

a. Hennepin County Civil Court File No.:27-cv-14-18969, *Midland Funding, LLC vs Patricia St.Pierre*, filed November 16, 2014;

b. Hennepin County Court File No.: 27-cv-16-15999, *Discover Bank vs Lisa Jelle*; filed October 31, 2016;

c. Washington-Stillwater County Court File No.: 82-cv-16-4960, *Portfolio Recovery Associates, LLC vs Jason Delmonico*, filed November 212, 2016;

d. Washington-Stillwater County Court File No.: 82-cv-16-5288, *Portfolio Recovery Associates, LLC vs William Jeffrey Schindeldecker*, filed December 15, 2016;

e. Hennepin Civil Court File No.: 27-cv-16-18371, *Portfolio Recovery Associates, LLC vs John H. Evenson*, filed December 19, 2016;

15.    Defendant M&S currently has 4 open potential consumer collection matters in Minnesota courts including:

a. Washington-Stillwater County Court File No.: 82-cv-20-1822, *Bear Roofing & Exteriors, Inc. vs Doug Latuseck,* filed April 30, 2020; and

b. Ramsey County Housing Conciliation Court File No.: 62-co-20-1656, *Bear Roofing & Exteriors, Inc. vs Laurel Sillerud,* filed May 7, 2020;

c. Chisago County Court File No.: 13-co-19-458, *CR Management Group, LLC d/b/a Servpro of the Saint Croix vs Amy Nelson, Bruce Nelson*, filed November 21, 2019;

d. Anoka County Court File No.: 02-co-20-1531, *McCullough and Sons vs Eric Wandersee*, filed July 24, 2020. Defendant previously represented McCullough and Sons in a second consumer collection action in Washington-Stillwater County, Court File No.: 82-cv-11-4589, *McCullough & Sons, Inc. vs J.P. Bush Homes, Inc., Joseph Bush, Georgina Lehmicke*, filed July 28, 2011.

16. Defendant M&S has filed and closed 12 additional potential consumer collection actions on behalf of its client Bear Roofing & Exteriors, Inc. (totaling 14 cases with that client) in Minnesota courts including:

a. Anoka County Court File No.: 02-co-19-3839, *Bear Roofing & Exteriors, Inc. vs Richard Licata*, filed December 17, 2019;

b. Dakota-Hastings County Court File No.: 19HA-co-19-1240, *Bear Roofing & Exteriors, Inc. vs Steve Gackstetter,* filed December 17, 2019;

c. Hennepin Civil County Court File No.: 27-co-19-10054, *Bear Roofing & Exteriors, Inc. vs Cheryl Stinski,* filed December 17, 2019;

d. Ramsey Housing Conciliation Court File No.: 62-co-19-5586, *Bear Roofing & Exteriors, Inc. vs Linda Fischer,* filed December 17, 2019;

e. Ramsey Housing Conciliation Court File No.: 62-co-19-5587, *Bear Roofing & Exteriors, Inc. vs Andrew Labrosse, Bridget Labrosse*, filed December 17, 2019;

f. Ramsey Housing Conciliation Court File No.: 62-co-19-5588, *Bear Roofing & Exteriors, Inc. vs Roger Ludwig,* filed December 17, 2019

g. Ramsey Housing Conciliation Court File No.: 62-co-19-5589, *Bear Roofing & Exteriors, Inc. vs Craig Schultz,* filed December 17, 2019;

h. Ramsey Housing Conciliation Court File No.: 62-co-19-5590, *Bear Roofing & Exteriors, Inc. vs Diane Sillerud,* filed December 17, 2019;

i. Ramsey Housing Conciliation Court File No.: 62-co-19-5591, *Bear Roofing & Exteriors, Inc. vs Julie Standering,* filed December 17, 2019;

j. Washington-Stillwater County Court File No.: 82-co-19-2275, *Bear Roofing & Exteriors, Inc. vs Greg Jones,* filed December 17, 2019;

k. Washington-Stillwater County Court File No.: 82-co-19-2276, *Bear Roofing & Exteriors, Inc. vs Jessica Stegbauer,* filed December 17, 2019; and

l. Washington-Stillwater County Court File No.: 82-co-19-2277, *Bear Roofing & Exteriors, Inc. vs Craig Cook,* filed December 17, 2019.

17. Defendant M&S has filed in Minnesota courts 3 potential consumer collection actions on behalf of Forest Hills Golf Club, Inc., including:

a. Anoka County Court File No.: 02-co-13-2076, *Forest Hills Golf Club, Inc. vs Robert Basara,* filed September 20, 2013;

    b.  Ramsey County Housing Conciliation Court File No.: 62-co-16-1122, *Forest Hills Golf Club, Inc. vs Daniel Pelton*, filed March 29, 2016; and

    c.  Washington-Stillwater County Court File No.: 82-co-16-493, *Forest Hills Golf Club, Inc. vs Dave Galleberg,* filed March 29, 2016.

18.    In 2019, Defendant M&S has filed in Minnesota courts 10 additional potential consumer collection cases not previously referenced herein, including:

    a.  Washington-Stillwater County Court File No.: 82-cv-19-1278, *Shawn McIntyre, Kris Ann McIntyre vs Mary Joanne Feltl,* filed March 18, 2019;

    b.  Anoka County Court File No.: 02-co-19-2019, *Brandon Stolp vs Mark Blankenship*, filed April 19, 2019;

    c.  Sherburne County Court File No.: 71-cv-19-531, *Jeremy Roseth vs Superior Interiors, Inc., Mark Thostenson, Lisa Thostenson*, filed April 30, 2019;

    d.  Chisago County Court File No.: 13-cv-19-521, *Dennis Mell vs Lynnell Wallace*, filed June 4, 2019;

    e.  Hennepin County Civil Court File No.: 27-cv-19-15351, *Carl P. Anderson vs Rachael Goldberger, P.A. and Rachel Goldberger,* filed September 11, 2019;

    f.  Washington-Stillwater County Court File No.: 82-co-19-1666, *Houle Enterprises, LLC vs Michael Myers*, filed September 19, 2019;

g. Chisago County Court File No.: 13-cv-19-913, *Amanda J. Myers, Raymond M. Myers vs Carriage Pass,* filed September 20, 2019;

h. Chisago County Court File No.: 13-cv-19-913, *Stars Hollow Construction, Inc., Stars Hollow Holding Limited, a/k/a Stars Hollow, LLC, Stars Hollow Company, Akashlina Haider vs Gregory T. Chaffin*, filed September 24, 2019;

i. Washington-Stillwater County Court File No.: 82-cv-19-5177, *Team NHS Construction, LLC vs Ronald Moseng, Inter Savings Bank, FSB, US Bank Trust National Association as Trustee, Now Micro, Inc.,* filed October 22, 2019; and

j. Hennepin County Civil Court File No.: 27-cv-19-17957, *Bonita A. Sigstad vs Aaron Lampi*, filed October 29, 2019.

## FACTUAL SUMMARY

19.   This action arises subsequent to the filing and discharge of the bankruptcy case *In re Lynda Crandall fka Lynda Kay Fisher, fka Lynda Kaye Horsch*, Case No. 19-50916 (the "Case"), which was filed under Chapter 13, United States Code 11 U.S.C. §§ 101, et seq. in the United States Bankruptcy Court for the District of Minnesota.

20.   Sometime before October 2, 2019, Plaintiff allegedly incurred an obligation to Defendant Bear. The alleged obligation was primarily for personal, family, or household purposes, namely, for services of roofing, siding, and deck

repairs. The obligation is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

21.    Sometime prior to October 9, 2019, Defendant Bear retained Defendant M&S to collect the debt from Plaintiff. Defendant Bear provided to Defendant M&S a list of debtors from whom to collect, including the name "Linda Fischer." Defendant Bear provided no other contact information for Plaintiff to Defendant M&S.

22.    Within one year immediately preceding the filing of this complaint, Defendants attempted to collect the debt from Plaintiff.

23.    On October 9, 2019, Defendants sent to Plaintiff an initial dunning letter regarding the collection of the consumer debt.

24.    Pursuant to 15 U.S.C. § 1692g(a) of the FDCPA, a debt collector, in its initial communication with a consumer in connection with the collection of a debt, or within five days thereafter, is obligated to provide to the consumer an effective "validation notice." Specifically, the debt collector must give the consumer a written notice stating that the consumer has thirty (30) days from receiving the notice to dispute the alleged debt or any part of it. 15 U.S.C. § 1692g(a)(3).

25.    In addition, during the thirty-day validation period, a debt collector must refrain from engaging in any collection activities and communications that overshadow or are inconsistent with the consumer's right to dispute the debt. 15 U.S.C. § 1692g(b).

26.     Defendants' October 9, 2019 initial communication did not contain a validation notice providing a 30-day notice for Plaintiff to dispute the alleged debt or any part of it. Thus, Defendants' letter violates 15 U.S.C. § 1692g(a)(3) of the FDCPA.

27.     Defendants' October 9, 2019 letter contained language that overshadowed any validation notice. Specifically, Defendants' letter conveys to Plaintiff:

> Please be advised that you are in default and you have 10 days to make full payment. If Bear Roofing does not receive payment in full within 10 days, we will have no choice but to file a lawsuit against you and record the judgment as a lien against your property. Also, please be aware that a judgment may be increased by statutory interest and legal fees. Bear Roofing will also engage in all available remedies for collections, including wage garnishment, bank levies, and property repossession.

28.     Defendants' October 9, 2019 communication explicitly demands payment of a debt which meets the animating purpose test determined by the U.S. Eighth Circuit Court of Appeals to determine a communication to be in connection with the collection of a debt, though an explicit demand is not required. *McIvor*, 773 F.3d at 914; *Grden*, 643 F.3d at 173; *Gburek*, 614 F.3d at 385.

29.     Although Defendants' collection activities may continue within the 30-day validation-request window; they "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt." 15 U.S.C. § 1692g(b). "Overshadowing or inconsistency occurs when a debt-collection letter conveys information 'in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'" *Owens v. Hellmuth &*

*Johnson, PLLC*, 550 F.Supp.2d 1060, 1064 (D. Minn. 2008) (Kyle, J.) (quoting *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159,161 (2d Cir. 2001)).

30.  Defendants' October 9, 2019 dunning letter confused Plaintiff. Plaintiff was not aware whether the thirty day period for disputing the debt existed, had already expired, or whether the demand for immediate contact (coupled with the threat of suit) trumps the right to take the more than 10 days to decide whether to dispute the debt and demand validation of it. Thus, Defendants' letter violates 15 U.S.C. § 1692g(b) of the FDCPA.

31.  On November 13, 2019, Plaintiff filed for Bankruptcy under Chapter 13, United States Code 11 U.S.C. § 101, et seq., in the United States Bankruptcy Court for the District of Minnesota. This case was Court File No. 19-50916.

32.  On November 13, 2019, the Bankruptcy Noticing Center notified Defendant M&S of the Bankruptcy filing via first-class mail at its business address, specifically: 92 Lake Street South, Forest Lake, Minnesota, 55025.

33.  Also, on November 13, 2019, the Bankruptcy Noticing Center notified Defendant M&S's client, Bear Roofing, of the Bankruptcy filing via first-class mail at its business address, specifically: 2186 Third Street, Suite 107, White Bear Lake, Minnesota, 55110.

34.  The first page of the notice from the Bankruptcy Noticing Center clearly stated that "Lynda Kaye Crandall" was formerly known as "Lynda Kaye Fisher" in the last eight years.

### *Defendants File Civil Suit in Minnesota State Court*

35.    On December 17, 2019, despite having been directly notified by the Bankruptcy Noticing Center of Plaintiff's Bankruptcy more than one month prior, Defendants caused a Statement of Claim and Summons to be filed in Ramsey County Conciliation Court and served upon Plaintiff on December 23, 2019 for the alleged debt. A Notice of Hearing was set by the Ramsey County Court for January 27, 2020, Court File No. 62-CO-19-5586.

36.    Thereafter, only after Plaintiff had her bankruptcy counsel demand that the civil suit be immediately dismissed, did Defendants voluntarily dismiss the lawsuit against Plaintiff on January 10, 2020.

37.    Commencing a civil suit against Plaintiff, which was barred by the U.S. Bankruptcy law, 11 U.S.C. § 524, was a materially false and deceptive act in an attempt to collect this debt by Defendants.

38.    In commencing the civil suit, Defendants failed to undertake a reasonable investigation into the facts and/or relevant law surrounding this alleged debt before filing the civil suit against Plaintiff.

39.    In filing the civil suit, Defendant M&S failed to engage in the meaningful involvement required of collection attorneys under the FDCPA with respect to Plaintiff.

40.    In the alternative, as Defendant M&S failed to engage in the meaningful involvement required of collection attorneys under the FDCPA with respect to Plaintiff, Defendant M&S is a flat-rater instead of a true debt collector.

41.   Upon information and belief, Defendant M&S sent out letters to debtors, signed statement of claims and does nothing else.  Defendant M&S receives a flat fee instead of a percentage of accounts paid pursuant to collection efforts. [ECF Nos. 8, 14].

42.   Defendant Bear has engaged in a flat rating arrangement with Defendant M&S.  Defendant Bear is liable under the provision of the FDCPA prohibiting a creditor from using a name to create the false impression that a third party is involved in the collection of the creditor's debt.  As such, Defendant Bear is a debt collector.  15 U.S.C. § 1692j.

43.   Defendants lacked probable cause for pursuing this civil action because the facts and circumstances in this instance would not warrant a cautious, reasonable and prudent person to have an honest belief that their actions and the means taken in prosecution of them were just, legal and proper.

44.   On January 10, 2020, Plaintiff's bankruptcy attorney contacted Defendant M&S to again provide notice that the underlying debt in Court File No. 62-C0-19-5586 was included in bankruptcy filing Court File No. 19-50916. Only then did Defendants send notice to Ramsey County Conciliation Court requesting the scheduled January 27, 2020 hearing to be canceled.

### SUMMARY

45.   Defendants infringed upon Plaintiff's rights proscribed by Congress to not be subject to abusive, illegal, and unfair debt collection practices.

46.   Defendants caused Plaintiff to expend time and resources to defend herself

and vindicate her rights.

47.    Defendants' unlawful actions have negatively affected Plaintiff's family relationships, including her marriage.

48.    Defendants have willfully violated the Stay in Plaintiff's bankruptcy case.

49.    In unlawfully pursuing Plaintiff and abusing judicial process, Defendants have caused Plaintiff to suffer emotional distress, anxiety, and mood swings.

50.    Defendants' attempt to collect a debt from Plaintiff by filing a civil suit, when the claims made against her had already been included in bankruptcy and protected by the Bankruptcy Code, 11 U.S.C. § 524, was a false and deceptive attempt to collect a debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1), amongst others. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 728 (7th Cir. 2004) ("[A] demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of the ... discharge injunction, it is not." (internal citations omitted)); *Eide v. Colltech, Inc.*, 987 F. Supp. 2d 951, 962–63 (D. Minn. 2013) ("Sending a collection letter indicating that a certain debt is due and payable when the debt has actually been discharged in bankruptcy constitutes a false representation about the legal status of the debt, and is a violation of the FDCPA under the plain language of the statute.").

51.    In addition, Defendants' flat rate arrangement is the one circumstance in

which a creditor may be deemed a debt collector under the latter part of §
1692a(6), and therefore fall within the FDCPA's scheme of liability,
specifically when the creditor engages in a flat-rating arrangement. *See
Larson*, 1999 WL 518901 at \*3; *Sokolski v. Trans Union Corp.*, 53
F.Supp.2d 307, 312 (E.D.N.Y.1999). While 15 U.S.C. § 1692j is silent as to
the creditor's liability under a flat rating arrangement—assigning liability
only to the party **furnishing** the form—a creditor participating in the flat-
rating arrangement can be liable under the provision of the FDCPA
prohibiting a creditor from using a name to create the false impression that a
third party is involved in the collection of the creditor's debt. *Sokolski*, 53
F.Supp.2d at 312 (emphasis in original) (citing 15 U.S.C. § 1692a(6)).
*Hartley v. Suburban Radiologic Consultants, Ltd.*, 295 F.R.D. 357, 370 (D.
Minn. 2013).

## RESPONDEAT SUPERIOR LIABILITY

52. The acts and omissions of Defendants and/or the other debt collectors
employed as agents by Defendants who communicated with Plaintiff- further
described herein- were committed within the time and space limits of their
agency relationship with their principals, Defendants.

53. The acts and omissions by Defendants and/or these other debt collectors were
incidental to, or of the same general nature as, the responsibilities these
agents were authorized to perform by Defendants in collecting consumer
debts.

54.   By committing these acts and omissions against Plaintiff, Defendants and any other debt collectors were motivated to benefit their principals, Defendants.

55.   Defendants are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of federal law by its collection employees, including but not limited to violations of the FDCPA and the Bankruptcy Code, in their attempts to collect this debt from Plaintiff.

## STANDING

56.   Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:

  a.  a valid injury in fact;

  b.  which is traceable to the conduct of Defendant;

  c.  and is likely to be redressed by a favorable judicial decision.

*See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016), and *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

57.   In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

## The "Injury in Fact" Prong

58.   Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

59.   For an injury to be "concrete" it must be a *de facto* injury, meaning that it

actually exists.  In the present case, Defendants engaged in violative conduct under the FDCPA. Defendants have caused Plaintiff to suffer emotional and physical distress, anxiety, and mood swings, in the form of attorney's fees paid in defending Defendants' baseless actions. Defendants have also negatively impacted Plaintiff's family relationships, including her marriage.

60.    For an injury to be "particularized" means that the injury must "affect the plaintiff in a personal and individual way." *Spokeo*, 136 S. Ct. at 1548.  In the instant case, Defendants have caused Plaintiff personally to suffer emotional and physical distress, anxiety, and mood swings, in the form of attorney's fees paid in defending Defendants' baseless actions. Defendants have also negatively impacted Plaintiff's family relationships, including her marriage.

**The "Traceable to the Conduct of Defendants" Prong**

61.    The second prong required to establish standing at the pleadings phase is that Plaintiff must allege facts to show that Plaintiff's injury is traceable to the conduct of Defendants.

62.    In the instant case, this prong is met simply by the facts that the violative conduct contemplated in this Complaint was initiated by Defendants directly, or by Defendants' agent at the direction of Defendants.

The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong

63.    The third prong to establish standing at the pleadings phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

64.    In the present case, Plaintiff's Prayers for Relief include a request for statutory and actual damages.  The damages were set by Congress and specifically redress the financial damages suffered by Plaintiff.

65.    Furthermore, the award of monetary damages redress the injuries of the past, and prevent further injury by Defendants in the future.

66.    Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Plaintiff has standing to sue Defendant on the stated claims.

## TRIAL BY JURY

67.    Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  U.S.  Const. amend. 7 and Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

68.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

69.    Defendants violated 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, 1692f(1) and 1692j of the FDCPA because of it collection actions as more fully described herein.

70.    The foregoing acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

71.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT II.

## MALICIOUS PROSECUTION

72.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

73.    The Minnesota Court of Appeals has held that:

To state a claim for malicious prosecution, appellant must demonstrate that:

> (1) the action was brought without probable cause or reasonable belief that the plaintiff would ultimately prevail on the merits; (2) the action must be instituted and prosecuted with malicious intent; and (3) the action must terminate in favor of [appellant].

*Kellar v. VonHoltum,* 568 N.W.2d 186, 192 (Minn.App.1997), *review denied* (Minn. Oct. 31, 1997). "Probable cause for pursuing a civil action consists of such facts and circumstances as will warrant a cautious, reasonable and prudent person in the honest belief that his action and the means taken in prosecution of it are just, legal and proper." *First Nat'l Bank of Omaha v. Marquette Nat'l Bank,* 482 F.Supp. 514, 522–23

(D.Minn.1979), *aff'd,* 636 F.2d 195 (8th Cir.1980), *cert. denied,* 450 U.S. 1042, 101 S.Ct. 1761, 68 L.Ed.2d 240 (1981).

Dunham v. Roer, 708 N.W.2d 552, 569 (Minn. Ct. App. 2006).

74.     Moreover, the Minnesota Court of Appeals has addressed the doctrine of *res judicata*:

> The "merger or bar" principle of the res judicata doctrine operates so that a party "should not be twice vexed for the same cause, and that it is for the public good that there be an end to litigation." *Hauser v. Mealey,* 263 N.W.2d 803, 807 (Minn.1978) (quotation omitted).

Brown-Wilbert, Inc. v. Copeland Buhl & Co., P.L.L.P., 715 N.W.2d 484, 488 (Minn. Ct. App. 2006), aff'd on other grounds, 732 N.W.2d 209 (Minn. 2007).

75.     Defendants lacked the requisite probable cause to believe that it could prevail on the merits of the civil suit, because the underlying debt had been included in Plaintiff's bankruptcy proceeding.

76.     The civil suit was instituted with malicious intent as evidenced by the fact that Defendants were clearly barred from commencing it after Plaintiff had included the debt in her bankruptcy proceeding.

77.     Thereafter, Defendants did not take action to dismiss the civil suit against Plaintiff until January 10, 2020, after her bankruptcy counsel demanded that it be dismissed.

78.     Defendants' conduct as further described herein therefore states a claim for malicious prosecution with respect to Plaintiff.

## COUNT III.

## ABUSE OF PROCESS

79.   Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

80.   In defining the legal contours of a claim for an abuse of process, the

Minnesota Supreme Court has held:

> In Hoppe v. Klapperich, 224 Minn. 224, 231, 28 N.W.2d 780, 786
>
> (1947), we stated:
>
> '* * * **The essential elements of an action for abuse of
> process are only two, namely, (a) the existence of an
> Ulterior purpose, and (b) the act of using the process to
> accomplish a result not within the scope of the proceeding
> in which it was issued, whether such result might
> otherwise be lawfully obtained or not.** The gist of the action
> is the misuse or misapplication of the process, After it has
> once been issued, for an end other than that which it was
> designed to accomplish.' (Italics supplied in part.)
>
> The court went on to observe that **the test is whether the
> process was used to accomplish an unlawful end for which
> it was not designed or intended, or to compel a party to do
> a collateral act which he is not legally required to do.** It
> was also noted that there must be injury to either person or
> property and that indirect injury to business or good name is
> insufficient. Behrendt v. Rassmussen, 234 Minn. 97, 47
> N.W.2d 779 (1951).
>
> Kittler & Hedelson v. Sheehan Properties, Inc., 295 Minn. 232, 238–39, 203
>
> N.W.2d 835, 840 (1973) (bold added).

81.   By commencing the civil suit, Defendants had an ulterior purpose in

attempting to make Plaintiff pay this alleged debt, when that alleged debt had

already been included in her bankruptcy filing prior to Defendants' filing of the civil suit.

82. By commencing the civil suit, Defendants sought to compel Plaintiff to do a collateral act which Plaintiff was not legally required to do, namely to defend a lawsuit for this debt, after the debt was included in her bankruptcy proceeding, and to make her pay this alleged debt.

83. Defendants' conduct as further described herein therefore states a claim for an abuse of process with respect to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that relief be granted as follows:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants and for Plaintiff;

- for an award of actual and compensatory damages against Defendants and for Plaintiff in an amount to be determined by a jury for its malicious prosecution;

- for an award of actual and compensatory damages against Defendants and for Plaintiff in an amount to be determined by a jury for its abuse of process;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: September 24, 2020.

By:  s/ Mark L. Vavreck, Esq.
Mark L. Vavreck, Esq.
Attorney I.D. #: 0318619
GONKO & VAVRECK PLLC
Designers Guild Building
401 North Third Street, Suite 640
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220
Email: mvavreck@cgmvlaw.com

ATTORNEYS FOR PLAINTIFF

## VERIFICATION OF COMPLAINT AND DECLARATION BY PLAINTIFF

I, Lynda Crandall, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass Defendants, cause unnecessary delay to Defendants, or create a needless increase in the cost of litigation to Defendants named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: 9/24/2020

Lynda Crandall