UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Lynda Crandall,                                     File No. 20-cv-1793 (ECT/LIB)

        Plaintiff,

v.

                                     **OPINION AND ORDER**

Miller & Stevens, P.A. and
Bear Roofing & Exteriors, Inc.,

        Defendants.

---

Mark L. Vavreck, Gonko & Vavreck, PLLC, Minneapolis, MN, for Plaintiff Lynda Crandall.

J. Vincent Stevens, Miller & Stevens, P.A., Forest Lake, MN, for Defendant Miller & Stevens, P.A.

---

Plaintiff Lynda Crandall alleges that Defendant Miller & Stevens, P.A. violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and committed the Minnesota common-law torts of malicious prosecution and abuse of process when it sent her a letter regarding the collection of a debt and then sued her in Ramsey County Conciliation Court to collect the same debt. Miller & Stevens has moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and also has moved for sanctions under Rule 11. Both motions will be denied. Crandall has filed an amended complaint that renders the Rule 12(b)(6) motion moot, and the factual allegations in Crandall's original complaint have evidentiary and legal support.

I

Start with the straightforward facts alleged in Crandall's original complaint. "Sometime before October 2, 2019," Crandall incurred a debt to Defendant Bear Roofing & Exteriors, Inc.  Compl. ¶ 7 [ECF No. 1].  The debt was for "roofing, siding, and deck repairs."  *Id.*  Miller & Stevens is a law firm in Forest Lake, Minnesota, and Bear Roofing was its client.  *Id.* ¶¶ 5, 19; *see* Mem. in Supp. of Mot. for Sanctions at 3 [ECF No. 13]. On October 9, 2019, Miller & Stevens sent Crandall a letter regarding the Bear Roofing debt.  Compl. ¶ 9.  The letter read, in part:

> Please be advised that you are in default and you have 10 days to make full payment.  If Bear Roofing does not receive payment in full within 10 days, we will have no choice but to file a lawsuit against you and record the judgment as a lien against your property.  Also, please be aware that a judgment may be increased by statutory interest and legal fees.  Bear Roofing will also engage in all available remedies for collections, including wage garnishment, bank levies, and property repossession.

*Id.* ¶ 13.  Crandall filed for Chapter 13 bankruptcy on November 13, 2019.  *Id.* ¶ 17.  On that same date, notice of Crandall's bankruptcy filing was sent by mail to Bear Roofing. *Id.* ¶ 18.  On December 17, 2019, Miller & Stevens filed a case against Crandall in Ramsey County Conciliation Court seeking to recover the debt on behalf of Bear Roofing.  *Id.* ¶ 19. At the insistence of Crandall's bankruptcy counsel, Miller & Stevens dismissed the case on January 10, 2020.  *Id.* ¶ 20.

Crandall's FDCPA claims focus on two of the law firm's collection activities.  *First*, Crandall alleges that the October 9 letter violated the FDCPA because it did not include a "validation notice" required by 15 U.S.C. § 1692g(a) that would have informed Crandall

2

of certain rights, including that she had thirty days to dispute the alleged debt, and because the letter overshadowed or was inconsistent with her rights to dispute the debt in violation of 15 U.S.C. § 1692g(b). Compl. ¶¶ 10–16, 49. *Second*, Crandall alleges that the commencement of the Ramsey County Conciliation Court case "was a false and deceptive attempt to collect a debt in violation of numerous and multiple provisions of the FDCPA," essentially because the suit was prohibited by 11 U.S.C. § 524. Compl. ¶¶ 21, 31. Crandall's malicious-prosecution and abuse-of-process claims also are premised on the allegation that Miller & Stevens filed the Ramsey County Conciliation Court case improperly without regard to Crandall's prior bankruptcy filing. *Id.* ¶¶ 52–63.

II

Miller & Stevens's Rule 12(b)(6) motion to dismiss Crandall's original complaint is moot because Crandall responded to the motion by properly filing an amended complaint that includes numerous additional allegations addressing the issues Miller & Stevens raised in its motion. "A party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b)[.]" Fed. R. Civ. P. 15(a)(1)(B). Here, Miller & Stevens filed its Rule 12(b)(6) motion on September 3, 2020. ECF No. 5. Crandall timely filed her amended complaint on September 24. ECF No. 16. Ordinarily, the filing of an amended complaint renders moot a Rule 12(b)(6) motion to dismiss the original complaint. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002). This only makes sense. A plaintiff who amends her complaint in response to a Rule 12(b)(6) motion ordinarily does so to address deficiencies identified in the motion, and the amendments usually add allegations not addressed by the motion.

3

That is just the situation here.  In support of its Rule 12(b)(6) motion, Miller &
Stevens argued that Crandall had not plausibly alleged it was a "debt collector" subject to
suit under the FDCPA or that it knew of her bankruptcy.  Mem. in Supp. of Mot. to Dismiss
at 6–14 [ECF No. 7].   Crandall's amendments respond extensively to each of these
arguments.[1]   *Compare* Compl. ¶ 5 *with* Am. Compl. ¶¶ 6–18 (including numerous
additional allegations to show that Miller & Stevens is a "debt collector"); *compare*
Compl. ¶ 18 *with* Am. Compl. ¶ 32 (adding allegation that Miller & Stevens was notified
of the filing of Crandall's bankruptcy).  To be clear, this is not a situation where an
amended complaint adds so little or doesn't really change anything so that it makes sense
to move forward and adjudicate the Rule 12(b)(6) motion regardless.[2]

### III

### A

Crandall's filing of her amended complaint, however, "does not immunize h[er]
from [the possibility of] Rule 11 sanctions for deficiencies in the original complaint,
[because] the amendment took place more than 21 days after the beginning of the safe

---

[1]     Miller & Stevens's time to respond to Crandall's amended complaint has run.  Fed.
R. Civ. P. 15(a)(3).  However, Rule 15(a)(3) authorizes a court to permit additional time to
respond to an amended pleading.  Here, an extension is warranted, and Miller & Stevens
will be granted until on or before November 2, 2020, to respond the amended complaint.

[2]     In support of its Rule 12(b)(6) motion, Miller & Stevens relies on several facts not
alleged in the complaint.  *See* Stevens Aff. in Supp. of Mot. to Dismiss ¶¶ 2–5 [ECF No.
8].  Regardless of their truth, these facts cannot be considered in deciding a Rule 12(b)(6)
motion.  In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6),
a court must accept as true all of the factual allegations in the complaint and draw all
reasonable inferences in the plaintiff's favor.  *Gorog v. Best Buy Co.*, 760 F.3d 787, 792
(8th Cir. 2014).

harbor period."   5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337.2 n.1 (4th ed. Oct. 2020 update); *see* Stevens Aff. in Supp. of Mot. for Sanctions ¶ 7 [ECF No. 14].   In other words, Crandall's original complaint remains operative for resolving Miller & Stevens's Rule 11 motion. *Jackson v. Rohm & Haas Co.*, No. Civ.A. 05-4988, 2006 WL 680933, *3–4 (E.D. Pa. Mar. 9, 2006), *subsequent determination*, 2006 WL 1984605 (E.D. Pa. July 7, 2006), *aff'd*, 366 Fed. App'x 342 (3d Cir. 2010); *Cancer Found., Inc. v. Cerberus Cap. Mgmt., L.P.*, No. 07-cv-4120, 2008 WL 927989, at *4 n.6 (N.D. Ill. Apr. 4, 2008).

Miller & Stevens argues that Crandall's counsel violated Rule 11(b)(2) and (b)(3) by asserting claims "not warranted by existing law and asserting factual contentions without evidentiary support."   Mem. in Supp. of Mot. for Sanctions at 1.   Federal Rule of Civil Procedure 11 requires litigants to "stop-and-think" before making legal or factual contentions in pleadings and prescribes sanctions for violations of its obligations.   Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment.   Under the relevant provisions of Rule 11(b), an attorney filing a complaint certifies "that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]"   A reasonable inquiry consists of a prefiling investigation that "uncover[s] a factual basis for the plaintiff's allegations, as well

5

as a legal basis." *Coonts v. Potts*, 316 F.3d 745, 753 (8th Cir. 2003).  In resolving a Rule

11 motion, a district court is to consider "whether a reasonable and competent attorney

would believe in the merit of an argument," *Miller v. Bittner*, 985 F.2d 935, 939 (8th Cir.

1993) (quotation omitted), and "whether the attorney's conduct, viewed objectively,

manifests either intentional or reckless disregard of the attorney's duties to the court,"

*Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1076 (8th Cir. 2017) (cleaned up).

## B

Miller & Stevens first argues that Crandall "fail[ed] to sufficiently allege that [it] is

a 'debt collector,' such that the FDCPA" applies.  Mem. in Supp. of Mot. for Sanctions at

2.  An FDCPA plaintiff must allege and show that a defendant is a "debt collector."  *Volden*

*v. Innovative Fin. Sys., Inc.*, 440 F.3d 947, 950 (8th Cir. 2006); *Owns v. Hellmuth &*

*Johnson, PLLC*, 550 F. Supp. 2d 1060, 1065 (D. Minn. 2008).  The FDCPA defines a debt

collector as "[1] any person who uses any instrumentality of interstate commerce or the

mails in any business the principal purpose of which is the collection of any debts, or [2]

who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another."  15 U.S.C. § 1692a(6).  Relevant here, this definition

covers attorneys "who 'regularly' engage in consumer-debt-collection activity, even when

that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *see Friend*

*v. Fryberger, Buchanan, Smith & Frederick, P.A.*, No. 11-cv-1584 (PJS/LIB), 2012 WL

503796, at *4 (D. Minn. Feb. 14, 2012).  The Eighth Circuit has not elaborated on what

constitutes "regularly" engaging in debt collection under the FDCPA.  *Lynch v. Custom*

*Welding & Repair, Inc.*, 142 F. Supp. 3d 814, 821 (N.D. Iowa 2015).  Miller & Stevens

and Crandall each cite the Second Circuit's fact-laden, five-factor regularity test as informing the inquiry. *See Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 62–63 (2d Cir. 2004). They otherwise rely on conflicting decisions from other circuits to support their respective positions. *Compare, e.g.*, *Schroyer v. Frankel*, 197 F.3d 1170, 1176–77 (6th Cir. 1999) (finding no regularity where lawyer lacked ongoing relationship with major creditor or business client and 29 of his 389 cases involved debt collection), *with Crossley v. Lieberman*, 868 F.2d 566, 569–70 (3d Cir. 1989) (favorably citing commentary that FDCPA broadly applies to lawyers "who collect on an occasional basis" and finding regularity where lawyer mailed collection letter to at least two other debtors and represented at least four creditors).

Crandall's counsel did not violate Rule 11 with respect to this issue. The original complaint is sufficient. In it, Crandall alleges that Miller & Stevens "is a 'debt collector,' as defined by [15 U.S.C.] § 1692a(6) of the FDCPA, as it uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Compl. ¶ 5. Though this allegation merely quotes the cited statute—and thus might be criticized as pleading a mere legal conclusion, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)—Crandall goes the next step. She alleges that records available on "Minnesota Trial Court Public Access (MPA)," show that Miller & Stevens "has filed numerous cases in attempts to collect debt." Compl. ¶ 5. This allegation is sufficient for notice pleading. *See* Fed. R. Civ. P. 8(a)(2). Crandall's counsel also has filed a declaration in which he describes a reasonable pre-suit

7

inquiry, Vavreck Decl. ¶¶ 3–9 [ECF No. 18], and the detailed allegations in Crandall's amended complaint suggest the allegation that Miller & Stevens is an FDCPA debt collector had the "evidentiary support" Rule 11(b)(2) requires when the original complaint was filed, Am Compl. ¶¶ 7–18. Finally, it's worth noting that determining whether a party "regularly" engages in debt collection under the FDCPA is a fact-intensive inquiry that often leaves room for reasonable debate. In other words, by its nature, it's not the kind of question often amenable to one obvious answer or to a determination that a lawyer should be punished for not recognizing the obvious answer.

C

Miller & Stevens also argues that Crandall does not possess evidence that it "intentionally violated the automatic stay in her bankruptcy" or "allege . . . that [it] had notice of her bankruptcy." Mem. in Supp. of Mot. for Sanctions at 2. Thus, in Miller and Stevens's view, Crandall's claims are "completely baseless because there is no supporting evidence or allegations." *Id.* Insofar as her FDCPA claims are concerned, Crandall is not required to allege that Miller & Stevens had notice of her bankruptcy or that Miller & Stevens's violation of the bankruptcy stay was intentional. To support this aspect of its position, Miller & Stevens relies on the FDCPA's bona fide error defense. The relevant statute reads:

> (c) Intent
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

8

15 U.S.C. § 1692k(c). The plain text of this provision shows that it creates an affirmative defense that would be Miller & Stevens's burden to plead and prove. It is "an exception to the strict liability" otherwise imposed on debt collectors under the FDCPA. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *see also Zortman v. J.C. Christensen & Assocs., Inc.*, 819 F. Supp. 2d 874, 879 (D. Minn. 2011). Crandall (or her counsel) had no obligation to plead facts in anticipation of this defense. Rather, should it elect to invoke the defense, the burden will fall on Miller & Stevens to "prove by a preponderance of the evidence that its FDCPA violation was unintentional *and* was caused by an objectively bona fide error (i.e., one that is plausible and reasonable) made despite the use of procedures reasonably adapted to prevent that specific error." *Wilhelm v. Credico, Inc.*, 519 F.3d 416, 420 (8th Cir. 2008) (emphasis added). Though not required with respect to her FDCPA claim, the allegations in Crandall's amended complaint suggest the allegation that Miller & Stevens had notice of the filing of Crandall's bankruptcy proceeding had the "evidentiary support" Rule 11(b)(2) requires when the original complaint was filed. Am. Compl. ¶ 32; *see* Vavreck Decl. ¶ 10, Ex. A [ECF No. 18-1].

## ORDER

Therefore, based on the foregoing, and all the files, records, and proceedings herein,

**IT IS ORDERED THAT**:

1. Defendant Miller & Stevens, P.A.'s Motion to Dismiss [ECF No. 5] is **DENIED** as moot.

2. Defendant Miller & Stevens, P.A. shall respond to the Amended Complaint [ECF No. 16] on or before November 2, 2020.

3. Defendant Miller & Stevens, P.A.'s Motion for Sanctions and Attorneys' Fees [ECF No. 11] is **DENIED.**

Date:  October 21, 2020

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court