UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lynda Crandall, | CASE NO.: 0:20-cv-01793-ECT-LIB |
| Plaintiff, | |
| vs. | **DEFENDANT MILLER & STEVENS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** |
| Miller & Stevens, P.A., and Bear Roofing & Exteriors, Inc., | |
| Defendants. | |

Defendant Miller & Stevens, P.A. ("Miller & Stevens"), hereby answers the Amended Complaint filed on September 24, 2020 ("Amended Complaint") by Lynda Crandall ("Plaintiff") as set forth below. Miller & Stevens specifically denies all allegations not expressly admitted below.

## JURISDICTION AND VENUE

1. Miller & Stevens denies the allegations in paragraph 1 of the Amended Complaint.

2. Miller & Stevens admits that jurisdiction and venue are proper based on the allegations in Plaintiff's Amended Complaint.

## THE PARTIES

3. Miller & Stevens is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint and, therefore, deny the same.

4. The allegations in paragraph 5 of the Amended Complaint require no answer from this answering defendant, but Miller & Stevens does admit the address of Defendant Bear Roofing & Exteriors, Inc., and denies the remaining allegations in paragraph 5.

1

5.       Miller & Stevens admits its address but denies the remaining allegations in paragraph 6 of the Amended Complaint. Specifically, Miller & Stevens's principal purpose is not the collection of debts, and it does not "regularly" engage in debt collection pursuant to applicable law.

6.       Miller & Stevens denies the allegations in paragraph 7 of the Amended Complaint.

7.       Miller & Stevens admits the allegations in paragraph 8 of the Amended Complaint.

8.       Miller & Stevens admits the allegations in paragraph 9 of the Amended Complaint that its new attorney John Barragry noted in his online biography that he might handle (commercial) landlord/tenant disputes in the future, and that he did file one eviction action that was not for the nonpayment of rent (prohibited by the Governor's Peacetime Emergency Order (20-79)), so this eviction is not covered by the FDCPA and is not relevant to this proceeding.

9.       Miller & Stevens denies the allegations in paragraph 10 of the Amended Complaint, and affirmatively states that most of these evictions are not covered by the FDCPA and are not relevant to this proceeding. Many of these evictions in paragraph 10 were commercial evictions or not for the nonpayment of debt (all but 3).

10.      Miller & Stevens denies the allegations in paragraph 11 of the Amended Complaint, and affirmatively states that in an isolated project back in 2011 for Sunrise Estates, a business client, Miller & Stevens filed evictions and attended 3 hearings. This was a small, isolated project, not an ongoing matter.

11.      The statutory and case law cited in paragraph 12 of the Amended Complaint requires no answer, but Miller & Stevens vehemently denies that it regularly files eviction actions or qualifies as a debt collector under the FDCPA.

12.      Miller & Stevens denies the allegations in paragraph 13 of the Amended Complaint.

13.      Miller & Stevens denies the allegations in paragraph 14 of the Amended Complaint, and affirmatively states that Miller & Stevens filed <u>none</u> of the cases cited by Plaintiff. In fact,

another law firm filed and handled these cases entirely, with Miller & Stevens merely attending a short default hearing at the end of approximately 3 of these cases, and several years ago.

14. Miller & Stevens denies the allegations in paragraph 15 of the Amended Complaint, and affirmatively states that again, some of these cases are commercial and not covered by the FDCPA.

15. Miller & Stevens denies the allegations in paragraph 16 of the Amended Complaint, and affirmatively states that these files are related to the same isolated project for Bear Roofing as Plaintiff's matter. Several homeowners breached their contract or refused to turn over insurance money received for roofing projects, so Bear Roofing hired Miller & Stevens in September 2019 to recover for these breaches of contract.

16. Miller & Stevens admits the allegations in paragraph 17 of the Amended Complaint, and affirmatively states that Attorney Vince Stevens filed one conciliation statement of claims in 2013 for unpaid golf dues (Basara); and in 2016, Attorney Thomas Miller spent 30 minutes drafting two conciliation pleadings and did nothing else (Pelton, Galleberg). The longtime business client, Forest Hills Golf Club, handled the rest.

17. Miller & Stevens denies the allegations in paragraph 18 of the Amended Complaint, and affirmatively states that again, many of these cases are commercial or not consumer debt related at all and thus are not covered by the FDCPA. For example:

> McIntyre v. Feltl (82-cv-19-1278): Miller & Stevens represented the plaintiff home buyer and it was the defendant seeking to cancel a contract for deed. Miller & Stevens was seeking injunctive relief to stop the cancellation. Neither side was seeking money from the other.
>
> Roseth v. Superior Interiors, Inc. (71-cv-19-531): This was a dispute between contractors (not consumers). Miller & Stevens' client, defendant Superior Interiors, Inc., was a painting subcontractor disputing with the general contractor, Regal Custom Homes.

Dennis Mell v. Wallace (13-cv-19-521): Lynnell Wallace took Dennis Mell's motorcycle and never paid for it.

Anderson v. Rachael Goldberg, P.A. (27-cv-15351): Miller & Stevens' client, Anderson, sued his prior law firm for not returning an unearned flat fee retainer.

Houle Enterprises v. Myers (18-CO-19-1666): This is commercial. A former renter of a hair salon removed fixtures from the property after the next renter left the property (theft). This is not about owing money for a consumer debt.

Sigstad v. Lampi (27-cv-19-17957): The Plaintiff Sigstad handled her own lawsuit and obtained a judgment entirely on her own long before hiring Miller & Stevens to simply mail a financial disclosure form to Lampi to identify Lampi's assets. (Bonnie Sigstad issued a family friend a loan of which was never repaid).

18. Miller & Stevens is without sufficient knowledge or information to form a belief as to the status of Plaintiff's bankruptcy or the truth of the allegations in paragraph 19 of the Amended Complaint and, therefore, deny the same.

19. Miller & Stevens is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint and, therefore, deny the same. Upon information and belief, Plaintiff hired Defendant Bear Roofing to install a new roof and instead of turning over the insurance money received for Defendant Bear Roofing – Plaintiff decided to keep it herself!

20. Miller & Stevens admits the allegations in paragraph 21 of the Amended Complaint, and affirmatively states that several homeowners received and kept insurance money intended for Defendant Bear Roofing, so Bear Roofing hired Miller & Stevens in or about September 2019 for an isolated project to recover on these breach of contract and insurance claims.

21. Miller & Stevens admits the allegations in paragraph 22 of the Amended Complaint, and affirmatively states that Defendant Bear Roofing first tried to work out a resolution with the homeowners, and in fact had been discussing a payment plan with Plaintiff and/or her husband.

22. Miller & Stevens denies the allegations in paragraph 23 of the Amended Complaint, and affirmatively states that Defendant Bear Roofing had been communicating with and

corresponding with Plaintiff before Miller & Stevens became involved, and thus the October 9, 2019 letter was not an initial dunning letter.

23.     The statutory law and allegations in paragraphs 24-25 of the Amended Complaint calling for a legal conclusion require no answer from this answering Defendant. Nevertheless, Miller & Stevens denies the same.

24.     Miller & Stevens denies the allegations in paragraphs 26-29 of the Amended Complaint, and affirmatively states that Defendant Bear Roofing had been working with Plaintiff about this matter long before Miller & Stevens became involved and Plaintiff had far longer than 30 days to dispute her debt and never did.

25.     Miller & Stevens denies the allegations in paragraph 30 of the Amended Complaint, and affirmatively states that Plaintiff was not confused at all. Plaintiff had been working with Defendant Bear Roofing about this matter (that she kept insurance money intended for someone else) for a long time. Plaintiff is misusing the FDCPA for predatory reasons in an effort to capitalize again and be unjustly enriched.

26.     Miller & Stevens is without sufficient knowledge or information to form a belief as to the status of Plaintiff's bankruptcy proceeding or truth of the allegations in paragraph 31 of the Amended Complaint and, therefore, deny the same.

27.     Miller & Stevens denies the allegations in paragraphs 32-33 of the Amended Complaint, and affirmatively states that Miller & Stevens did not have notice that Linda Fischer had filed for bankruptcy and it had no connection to a Lynda Crandall. Defendant Bear Roofing denied having received notice or providing notice to Miller & Stevens, and Attorney Vince Stevens had no notice whatsoever of Plaintiff's bankruptcy until Plaintiff's attorney's letter in January 2020, and then the conciliation claim was immediately dismissed without any further contact or interaction.

28. Miller & Stevens denies the allegations in paragraph 34 of the Amended Complaint, and affirmatively states that the bankruptcy notice was far from clear about Lynda Crandall's former names or identification. In reality, this bankruptcy notice has in big bold letters at the top, in the first section entitled "**Information to identify the case**," the only name identified is "**Lynda Kaye Crandall**." This Crandall name is (literally and explicitly) the only information used to identify the case. No other names were given in the information to identify the case. Further down the notice, in another section, in smaller print, amidst the verbose and confusing notice there is a part showing Plaintiff's former names used - but again, the last name does not match (Fisher, not Fischer) and the first name does not match (Lynda, not Linda). Miller & Stevens had no information about or connection to these former names and could not possibly have connected the notice to Lynda Crandall. Even if the firm's small staff (i.e. Mr. Stevens' wife) were to do a computer search, it would not have found a match given the wrong spellings for former names used. Moreover, the bankruptcy notice contained a City of Finlayson address, whereas Miller & Stevens had a City of Maplewood address for Linda Fischer.

29. Miller & Stevens denies the allegations in paragraph 35 of the Amended Complaint, and affirmatively states Attorney Vince Stevens did not have notice of Plaintiff's bankruptcy prior to filing a conciliation claim, and more importantly, the conciliation action technically was not even filed against Plaintiff! The conciliation statement of claims was against a Linda Fischer – not Lynda Crandall or Lynda Fisher, with a different address. Therefore, a judgment against Linda Fischer would not have impacted Plaintiff in the first place. In reality, Miller & Stevens never filed a conciliation action against Plaintiff and could not have possibly violated the FDCPA with this filing.

30. Miller & Stevens admits the allegations in paragraph 36 of the Amended Complaint, and affirmatively states Miller & Stevens immediately dismissed the conciliation action the very next day after receiving its very first notice of Plaintiff's bankruptcy.

31. Miller & Stevens denies the allegations in paragraph 37 of the Amended Complaint, and affirmatively states that technically Miller & Stevens did not commence a civil suit against Plaintiff (claim was filed against a non-existent Linda Fischer), and in any event, Miller & Stevens did not violate U.S. bankruptcy law or the FDCPA because it never had notice of Plaintiff's bankruptcy and it was completely unintentional as defined by U.S. bankruptcy law and the bona fide error defense explicitly in § 1692k(c).

32. Miller & Stevens denies the allegations in paragraphs 38-39 of the Amended Complaint, and affirmatively states that: 1) investigation was done and the facts and law supported a claim against Plaintiff for converting Bear Roofing's insurance money; 2) attorneys are not required (nor is it industry standard) to search bankruptcy rolls before commencing any and all legal actions; 3) even if Plaintiff's (Lynda Crandall's) bankruptcy proceeding was searched, there was no connection to a Linda Fischer from the conciliation action; and 4) if a search for Linda Fischer was performed, there would be no bankruptcy proceeding found. Therefore, no type of search would have made a connection between Lynda Crandall's bankruptcy proceeding and Miller & Stevens' conciliation action against Linda Fischer. Lastly, Miller & Stevens is not a firm regularly engaged in collection, so they are not "collection attorneys." All attorneys at Miller & Stevens vehemently object to being considered "collection attorneys."

33. Miller & Stevens denies the allegations in paragraph 40 of the Amended Complaint.

34. Miller & Stevens denies the allegations in paragraph 41 of the Amended Complaint, and affirmatively states that Miller & Stevens absolutely did not charge Bear Roofing a flat fee for this isolated project. As further evidence that Miller & Stevens is not a debt collector, it did not charge a percentage of accounts paid or a contingency fee. As with all business clients, Miller & Stevens charged Bear Roofing on an hourly basis for time spent on the file, between $220-$240 per hour. Because this was a relatively small project, Miller & Stevens issued a demand letter to

7

homeowners, and then later filed statements of claims in conciliation court. For the following reasons, it was determined that Bear Roofing would attend the hearing on its own: 1) to save money – these are relatively low amounts owing and the homeowner was unlikely to pay, so it did not make sense to pay a lawyer thousands of dollars to attend a conciliation hearing; 2) Bear Roofing's owner had all the relevant facts and history, unknown to Miller & Stevens, so the owner was the best person to attend the hearing; and 3) judges seem not to want lawyers in conciliation court in the first place.

35. Miller & Stevens denies the allegations in paragraph 42 of the Amended Complaint, and affirmatively states that there was no flat-rating arrangement. Miller & Stevens charged an hourly fee for time spent on the file, not a flat fee or contingency. Miller & Stevens did not give letterhead to Defendant Bear Roofing. Miller & Stevens prepared the demand letter and mailed it out from its office. Miller & Stevens also filed the conciliation statement of claims. Only for the reasons above, it was determined that Defendant Bear Roofing would attend the conciliation hearing and/or speak with the homeowner directly. This small, isolated project did not warrant thousands of dollars in lawyer fees to attend court hearings and talk settlement with homeowners. Defendant Bear Roofing was a regular business client, a very normal attorney-client relationship, and Defendant Bear Roofing is far from a debt collector.

36. Miller & Stevens denies the allegations in paragraph 43 of the Amended Complaint.

37. Miller & Stevens admits the allegations in paragraph 44 of the Amended Complaint, and affirmatively states that after receiving the very first notice of Plaintiff's bankruptcy proceeding from her bankruptcy lawyer, Miller & Stevens immediately dismissed its conciliation action against the non-existent Linda Fischer the very next day.

38. Miller & Stevens denies the allegations in paragraphs 45-46 of the Amended Complaint.

39. Miller & Stevens denies the allegations in paragraph 47 of the Amended Complaint, and affirmatively states that other factors or persons beyond Miller & Stevens' control might have affected Plaintiff's family relationships, including but not limited to: Plaintiff's other debts and reasons for her multiple bankruptcies, Plaintiff's domestic abuse case on behalf of her children, or Plaintiff's other marital problems with her husband.

40. Miller & Stevens denies the allegations in paragraphs 48-49 of the Amended Complaint, and affirmatively states that it is utterly incomprehensible how Plaintiff has suffered emotional distress, anxiety, and mood swings as a consequence of Miller & Stevens sending one letter without validation language and a conciliation action that was immediately dismissed after receiving notice.

41. Miller & Stevens denies the allegations in paragraphs 50-66 of the Amended Complaint.

42. The statements in paragraphs 67-68 of the Amended Complaint require no answer by this answering Defendant.

43. Miller & Stevens denies the allegations in paragraphs 69-71 of the Amended Complaint.

44. The statements in paragraphs 72-74 of the Amended Complaint require no answer by this answering Defendant.

45. Miller & Stevens denies the allegations in paragraphs 75-78 of the Amended Complaint, and affirmatively states: 1) the conciliation claim was brought with probable cause or reasonable belief that its client would ultimately prevail; 2) Miller & Stevens did not have notice of Plaintiff's bankruptcy proceeding; 3) the conciliation action was not instituted with malicious intent (far from it); and 4) the conciliation action was not even filed against Plaintiff (instead against some non-existent Linda Fischer).

46. The statements in paragraphs 79-80 of the Amended Complaint require no answer by this answering Defendant.

47. Miller & Stevens denies the allegations in paragraphs 81-83 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

Plaintiff's claims against Defendant Miller & Stevens are barred in whole or in part by the following Affirmative Defenses. Defendant Miller & Stevens has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Therefore, Defendant Miller & Stevens reserves the right to add or amend its defenses further as additional information is developed through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to state a claim for relief)

1. Plaintiff's claims are barred, in whole or in part, because the Amended Complaint fails to state any claim against Defendants on which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Miller & Stevens is not a debt collector as defined in the Act)

2. Miller & Stevens is not a business where the principal purpose is the collection of debts, nor does it regularly collect or attempt to collect debts, so Miller & Stevens is not a debt collector as defined in § 1692a(6), and the entire FDCPA does not apply and this lawsuit must fail.

## THIRD AFFIRMATIVE DEFENSE
### (Bona fide error - § 1692k(c))

3. Miller & Stevens cannot be liable because any alleged violations of § 1692e(2)(A) were not intentional and resulted from a bona fide error pursuant to § 1692k(c).

## FOURTH AFFIRMATIVE DEFENSE
### (Miller & Stevens did not file a lawsuit against Plaintiff, so it could not have violated § 1692e(2)(A))

4. Miller & Stevens did not file a conciliation lawsuit against Plaintiff Lynda Crandall; it filed a lawsuit against a non-existent "Linda Fischer," (not even Plaintiff's former name of Lynda Fisher) so a judgment never could have been entered against Plaintiff and Miller & Stevens could not have violated § 1692e(2)(A).

### FIFTH AFFIRMATIVE DEFENSE
**(Miller & Stevens made no error when it filed a conciliation lawsuit because it had no notice of Plaintiff's prior bankruptcy)**

5. Miller & Stevens never had notice of Plaintiff's prior bankruptcy, so it made no error at all when it filed a conciliation lawsuit against Linda Fischer.

### SIXTH AFFIRMATIVE DEFENSE
**(Plaintiff lacks standing because she suffered no injury)**

6. Plaintiff suffered no injury, much less emotional and physical distress, anxiety, mood swings, or negatively impacted family relationships because of Miller & Stevens' alleged violations. Plaintiff is using the Act for predatory purposes and monetary gain.

### SEVENTH AFFIRMATIVE DEFENSE
**(Plaintiff lacks standing because any problems are not traceable to conduct of Miller & Stevens)**

7. Any of Plaintiff's injuries are related to other persons or factors beyond Miller & Stevens' control, and certainly not the consequence of the conduct of Miller & Stevens.

### EIGHTH AFFIRMATIVE DEFENSE
**(Plaintiff's malicious prosecution claim fails because there was no malicious intent)**

8. Miller & Stevens did not act with malicious intent when it filed a conciliation lawsuit against Plaintiff, so Plaintiff's claim of malicious prosecution fails. Additionally, since Miller & Stevens did not have notice of Plaintiff's prior bankruptcy, it did not file the conciliation action without probable cause or a reasonable belief that Plaintiff would prevail.

### NINTH AFFIRMATIVE DEFENSE
**(Plaintiff's abuse of process claim fails because there was no ulterior purpose or intent)**

9. Miller & Stevens did not have an ulterior purpose when it filed a conciliation lawsuit against Plaintiff – in fact, it had no notice that Plaintiff had previously filed for bankruptcy. Additionally, Miller & Stevens did not intend to compel Plaintiff to do a collateral act which Plaintiff was not legal required to do.

### TENTH AFFIRMATIVE DEFENSE
### (Fault of others)

10. Any loss, injury, damage or detriment actually suffered or sustained by Plaintiff was directly and proximately caused and contributed by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, fraudulent and/or intention misconduct of others beyond the control of Defendant Miller & Stevens – either Plaintiff's own family relationship problems or other creditors or debts which caused Plaintiff to file for bankruptcy twice in six years.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Plaintiff suffered no injury or harm)

11. Plaintiff suffered no injury or harm because the conciliation lawsuit was immediately dismissed with no further interaction the next day after Miller & Stevens' received its first actual notice of Plaintiff's bankruptcy. Plaintiff is using the Act for predatory purposes and monetary gain.

### TWELFTH AFFIRMATIVE DEFENSE
### (Plaintiff is not entitled to attorney's fees under § 1692k(a)(3) because of her own bad faith)

12. Plaintiff is not entitled to attorney's fees under § 1692k(a)(3) because of her own bad faith and harassment in pursuing this lawsuit. As "bad faith" is defined in case law, Plaintiff did not honestly believe that Miller & Stevens failed to meet the bona fide error defense in § 1692k(c). Plaintiff did not honestly believe Miller & Stevens's alleged violation of § 1692e(2)(A) was intentional and did not result from a bona fide error, especially after the evidence presented in Miller & Stevens' Rule 12 motion to dismiss pleadings.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Plaintiff is not entitled to attorney's fees under § 1692k(a)(3) because she has no damages)

13. Pursuant to case law in the 8th Circuit, Plaintiff is not entitled to attorney's fees under § 1692k(a)(3) because she has not suffered any damages, even if she were to prove a technical violation of the FDCPA.

## FOURTEENTH AFFIRMATIVE DEFENSE
**(Plaintiff's attorneys fees are not reasonable)**

14. Miller & Stevens reserves the right to challenge the reasonableness and amounts of Plaintiff's attorney's fees and costs necessary to pursue this claim.

## FIFTEENTH AFFIRMATIVE DEFENSE
**(Miller & Stevens' letter to Plaintiff was not an initial communication under § 1692g)**

15. Miller & Stevens' letter to Plaintiff dated October 9, 2019 was not an initial communication (*Dunning* letter) covered by § 1692g because Defendant Bear Roofing had been communicating with Plaintiff substantially previously. Plaintiff was already provided with all the information required by § 1692g and was given more than 30 days to dispute her debt. The October 9, 2019 letter was not the initial communication between the defendants and Plaintiff.

Moreover, if Plaintiff succeeds in considering Defendant Bear Roofing a debt collector, then the October 9, 2019 letter from Miller & Stevens to Plaintiff was not the initial communication and the letter did not violate § 1692g.

## PRAYER FOR RELIEF

**WHEREFORE,** Defendant Miller & Stevens respectfully request the following relief:

1. Plaintiff's Amended Complaint be dismissed with prejudice;
2. Plaintiff takes nothing by its Amended Complaint;
3. The Court to enter judgment in favor of Defendants with costs of suit;
4. Awarding Defendant Miller & Stevens attorney's fees and costs incurred herein pursuant to § 1692k(a)(3); and
5. Such other relief as the Court deems just and equitable.

                                              **MILLER & STEVENS, P.A.**

Dated: November 2, 2020                By: */s/ Vincent Stevens*
                                                     Vincent Stevens (#325211)
                                              92 Lake Street South
                                              Forest Lake, MN 55025
                                              (651) 462-0206
                                              vince@millerstevens.com

                                              ***Attorney for Defendant***